IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

NO. 5:20-CV-610-FL

| | | |
|---|---|---|
| BARBARA NEWMAN, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| NORTH CAROLINA INSURANCE | ) | ORDER |
| UNDERWRITING ASSOCIATION / | ) | |
| NORTH CAROLINA JOINT | ) | |
| UNDERWRITING ASSOCIATION, and | ) | |
| KELLOGG-MORGAN AGENCY, INC., | ) | |
| | ) | |
| Defendants. | ) | |

This matter comes before the court on defendant Kellogg-Morgan Agency, Inc.'s ("Kellogg-Morgan") motion to dismiss (DE 32), pursuant to Federal Rule of Civil Procedure 12(b)(6). Pursuant to 28 U.S.C. § 636(b)(1)(B) and Federal Rule of Civil Procedure 72(b), United States Magistrate Judge Brian S. Myers entered memorandum and recommendation ("M&R"), wherein it is recommended that the court grant defendant Kellogg-Morgan's motion to dismiss (DE 54). Plaintiff did not file objections to the M&R, and the time within which to make any objection has expired. In this posture, the issues raised are ripe for ruling. For the following reasons, the court adopts the M&R and grants defendant Kellogg-Morgan's motion to dismiss.

## BACKGROUND

Plaintiff, initially represented by counsel, commenced this action in the United States District Court for the District of New Jersey on February 12, 2020, which court then transferred the action to this court on November 18, 2020. Plaintiff asserts claims under state law for breach

of contract, intentional infliction of emotional distress, breach of implied covenant of good faith and fair dealing, unjust enrichment, unfair and deceptive practices, and gross negligence, arising out of plaintiff's denied insurance claim for her property being burglarized. Plaintiff seeks compensatory and punitive damage and attorneys' fees and costs.

Defendant Kellogg-Morgan moved to dismiss the claims in the complaint against it for failure to state a claim, pursuant to Rule 12(b)(6).[1] Plaintiff, who was allowed to proceed pro se starting on April 7, 2021, filed a response in opposition and filed a declaration supporting her response. Defendant Kellogg-Morgan replied, and, shortly after, plaintiff filed a "supplemental brief" responding again in opposition to the motion and responding to defendant Kellogg-Morgan's reply (DE 53).

Upon de novo review of plaintiff's complaint, the court adopts and incorporates herein by reference the magistrate judge's summary of the alleged facts. (M&R at 2-4).

## COURT'S DISCUSSION

A.   Standard of Review

The district court reviews de novo those portions of a magistrate judge's M&R to which specific objections are filed. 28 U.S.C. § 636(b). The court does not perform a de novo review where a party makes only "general and conclusory objections that do not direct the court to a specific error in the magistrate's proposed findings and recommendations." Orpiano v. Johnson, 687 F.2d 44, 47 (4th Cir. 1982). Absent a specific and timely filed objection, the court reviews only for "clear error," and need not give any explanation for adopting the M&R. Diamond v. Colonial Life & Accident Ins. Co., 416 F.3d 310, 315 (4th Cir. 2005); Camby v. Davis, 718 F.2d

---

[1]   Defendant North Carolina Insurance Underwriting Association/North Carolina Joint Underwriting Association's motion to dismiss (DE 46) is pending after referral to the magistrate judge and will be addressed by separate order.

198, 200 (4th Cir. 1983). Upon careful review of the record, "the court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1).

"To survive a motion to dismiss" under Rule 12(b)(6), "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)). "Factual allegations must be enough to raise a right to relief above the speculative level." Twombly, 550 U.S. at 555. In evaluating whether a claim is stated, "[the] court accepts all well-pled facts as true and construes these facts in the light most favorable to the plaintiff," but does not consider "legal conclusions, elements of a cause of action, . . . bare assertions devoid of further factual enhancement[,] . . . unwarranted inferences, unreasonable conclusions, or arguments." Nemet Chevrolet, Ltd. v. Consumeraffairs.com, Inc., 591 F.3d 250, 255 (4th Cir. 2009) (citations omitted).

B.  Analysis

The magistrate judge recommends that plaintiff's claims against defendant Kellogg-Martin for breach of implied covenant of good faith and fair dealing, unjust enrichment, and unfair and deceptive practices, pursuant to N.C. Gen. Stat. § 75-1.1, be dismissed with prejudice. Plaintiff did not object to these recommendations. Upon careful review of the M&R, the court finds the magistrate judge's analysis to be thorough, and there is no clear error.

In particular, plaintiff's claim for a breach of implied covenant of good faith and fair dealing against defendant Kellogg-Morgan for its role as insurance producer fails as a matter of law. See Mayo v. Am. Fire & Cas. Co., 282 N.C. 346, 353 (1972) ("[I]f the agent or broker, in fact, procured the contemplated insurance coverage from a competent, solvent insurer, so that it

3

was in effect at the time of the casualty against which the proposed insured sought coverage, he has performed his undertaking and is not liable to the insured thereon.").

Plaintiff's claim of unjust enrichment similarly fails under North Carolina law.  See Booe v. Shadrick, 322 N.C. 567, 570 (1988) (explaining that "[i]f there is a contract between the parties, the contract governs the claim and the law will not imply a contract," making unjust enrichment, which relies on a "contract implied in law," inapplicable).

Finally, plaintiff fails to plead facts upon which relief under N.C. Gen. Stat. § 75-1.1 may be granted.  See, e.g., Bentley v. N.C. Ins. Guar. Ass'n, 107 N.C. App. 1, 12 (1992) (reasoning on the basis of Mayo that policy-procuring insurance agents could not be liable for insurance company's later alleged violations of N.C. Gen. Stat. § 58-63-15(11)).  See generally Gray v. N.C. Ins. Underwriting Ass'n, 352 N.C. 61, 71 (2000) (describing section 58-63-15(11) in terms of unfair practices of policy-providing "insurance compan[ies]").

## CONCLUSION

Based on the foregoing, defendant Kellogg-Morgan's motion to dismiss (DE 32) is GRANTED.  Plaintiff's claims against it are DISMISSED WITH PREJUDICE.  The clerk is DIRECTED to terminate defendant Kellogg-Morgan as a party to this case.  Stay ordered May 25, 2021, remains in effect pending decision on remaining motion to dismiss (DE 46).  The clerk shall provide courtesy copy of this order to the magistrate judge to whom that motion was referred June 3, 2021, for issuance of an M&R.

SO ORDERED, this the 29th day of September, 2021.

_____
LOUISE W. FLANAGAN
United States District Judge