IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

NO. 5:20-CV-610-FL

| | |
|---|---|
| BARBARA NEWMAN, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | |
| ) | ORDER |
| NORTH CAROLINA INSURANCE ) | |
| UNDERWRITING ASSOCIATION, and ) | |
| NORTH CAROLINA JOINT ) | |
| UNDERWRITING ASSOCIATION, ) | |
| ) | |
| Defendants.[1] ) | |

This matter comes before the court on defendants' motion to dismiss under Federal Rule of Civil Procedure 12(b)(2), (4), (5), and (6). (DE 46). Pursuant to 28 U.S.C. § 636(b)(1)(B) and Federal Rule of Civil Procedure 72(b), United States Magistrate Judge Brian S. Meyers entered memorandum and recommendation ("M&R"), wherein it is recommended that the court deny the motion. (DE 56). Neither party filed objections, and the time within which to make any objection has expired. In this posture, the issues raised are ripe for ruling. For the following reasons, the court adopts the M&R in part and modifies it in part as set forth herein.

### BACKGROUND

Plaintiff, initially represented by counsel, commenced this action in the United States District Court for the District of New Jersey on February 12, 2020, which court then transferred the action to this court on November 18, 2020. Plaintiff asserts claims under state law for breach

---

[1] The court constructively has amended the caption of this order to reflect dismissal of prior defendant Kellogg-Morgan Agency, Inc.

of contract, intentional infliction of emotional distress, breach of implied covenant of good faith and fair dealing, unjust enrichment, and unfair and deceptive practices, arising out of plaintiff's denied insurance claim for her property being burglarized. Plaintiff seeks compensatory and punitive damages and attorneys' fees and costs.

Defendants filed the instant motion to dismiss the claims in the complaint against them for lack of personal jurisdiction, insufficient process, and insufficient service of process, pursuant to Rule 12(b)(2), (4), and (5), and to dismiss all of plaintiff's claims except her breach of contract claim against defendant North Carolina Joint Underwriting Association ("NCJUA") for failure to state a claim, pursuant to Rule 12(b)(6). Plaintiff, who was allowed to proceed pro se starting on April 7, 2021, filed a response in opposition and a declaration supporting her response. Defendants did not file a reply. However, plaintiff later filed a "supplemental brief" responding again in opposition to the motion (DE 53).

**STATEMENT OF FACTS**

The court adopts and incorporates herein by reference the magistrate judge's summary of the alleged facts. (M&R at 2-5).

**COURT'S DISCUSSION**

A.  Standard of Review

The district court reviews de novo those portions of a magistrate judge's M&R to which specific objections are filed. 28 U.S.C. § 636(b). The court does not perform a de novo review where a party makes only "general and conclusory objections that do not direct the court to a specific error in the magistrate's proposed findings and recommendations." Orpiano v. Johnson, 687 F.2d 44, 47 (4th Cir. 1982). Absent a specific and timely filed objection, the court reviews only for "clear error," and need not give any explanation for adopting the M&R. Diamond v.

2

Case 5:20-cv-00610-FL   Document 57   Filed 03/22/22   Page 2 of 5

Colonial Life & Accident Ins. Co., 416 F.3d 310, 315 (4th Cir. 2005); Camby v. Davis, 718 F.2d 198, 200 (4th Cir. 1983). Upon careful review of the record, "the court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1).

"To survive a motion to dismiss" under Rule 12(b)(6), "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)). "Factual allegations must be enough to raise a right to relief above the speculative level." Twombly, 550 U.S. at 555. In evaluating whether a claim is stated, "[the] court accepts all well-pled facts as true and construes these facts in the light most favorable to the plaintiff," but does not consider "legal conclusions, elements of a cause of action, . . . bare assertions devoid of further factual enhancement[,] . . . unwarranted inferences, unreasonable conclusions, or arguments." Nemet Chevrolet, Ltd. v. Consumeraffairs.com, Inc., 591 F.3d 250, 255 (4th Cir. 2009).

B.  Analysis

The magistrate judge recommends that defendants' motion to dismiss for lack of personal jurisdiction resulting from insufficient process and service of process be denied and the deadline for plaintiff to perfect service be extended. In the alternative, in the event plaintiff is able to effectuate service, the magistrate judge provides a recommendation regarding the merits of that part of defendants' motion relying on Rule 12(b)(6). In particular, he recommends that plaintiff's claims against defendant North Carolina Insurance Underwriting Association ("NCIUA") be dismissed and that plaintiff's claims against defendant NCJUA for breach of implied covenant of good faith and fair dealing, intentional infliction of emotional distress, and unjust enrichment be dismissed.

As to that part of the recommendation regarding service of process on defendant NCJUA, the court adopts the M&R, denies defendants' motion to dismiss on that basis, and allows plaintiff an extension of time to serve process on defendant NCJUA. Plaintiff is directed to cure the flaws regarding service of process highlighted in the M&R's relevant analysis. (See M&R at 8-11).

With respect to the remaining, alternative, recommendation in the M&R, the magistrate judge correctly reasons that no claim lies against defendant NCIUA based on the allegations in the complaint. Accordingly, proceeding with service against defendant NCIUA is futile. Defendants' motion to dismiss under Rule 12(b)(6) is granted in that part, and all claims against NCIUA are dismissed as a matter of law. The court reserves for determination at a later juncture the viability of plaintiff's claims against remaining defendant NCJUA, in the event service is perfected.

## CONCLUSION

Based on the foregoing, the court ADOPTS in part the M&R and modifies it in part. Defendants' motion to dismiss (DE 46) is GRANTED IN PART and DENIED IN PART as set forth herein. Plaintiff's claims against defendant NCIUA are DISMISSED for failure to state a claim under Rule 12(b)(6). The clerk is DIRECTED to terminate defendant NCIUA as a party to this case. Plaintiff is ALLOWED an additional period of 30 days from entry of this order to serve process on defendant NCJUA and to file proof of such. If plaintiff does not so file, the clerk is DIRECTED to close this case without further direction from the court.

Stay ordered May 25, 2021, remains in effect pending sufficient service of process by plaintiff, if any, and framing of the pleadings.

SO ORDERED, this the 22nd day of March, 2022.

_____
LOUISE W. FLANAGAN
United States District Judge